## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:21-cr-00163 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| PATRICK I. MARSH, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolving Doc. 26) |
| | ) | |

This matter is before the Court on the *Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2)* (Doc. 26) (the "Motion") filed by Defendant Patrick Marsh ("Marsh"). The United States of America did not respond.

For the reasons stated below, the Motion is DENIED.

## I.      BACKGROUND

A federal grand jury charged Marsh with two counts of bank robbery in violation of 18 U.S.C. § 2113(a)(1). Doc. 11. Pursuant to a plea agreement, Marsh pled guilty as to both counts. Doc. 16.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 19. The PSI indicated Marsh had a total offense level of 21 (after reductions for acceptance of responsibility) and a criminal history category of IV, therefore his advisory guideline range was 57–71 months. Doc. 19 at p. 16, ¶ 73. The Court ultimately sentenced Marsh to a term of 71 months' imprisonment. Doc. 24.

After Marsh's sentencing, the United States Sentencing Commission issued Amendment 821. It is undisputed that Marsh's criminal history points would be lower under the Amendment

resulting in a reduced advisory guideline range of 46–57 months.  Marsh now seeks retroactive application of Amendment 821 to reduce his sentence to 57 months.

## II.    LAW AND ANALYSIS

### A.  Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment.  18 U.S.C. § 3582(c)(2).  The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825").  The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment.  *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement").  *Id.*  Relevant in this case, the Policy Statement applies to Amendment 821.  *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case.  *Jones*, 980 F.3d at 1107.  The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any

2

pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Marsh asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, his advisory range is lowered to 46–57 months as opposed to the 57–71 months used at the time of sentencing. Doc. 26 at p. 3.  Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Marsh's total criminal history points were eight (8).  Doc. 19 at p. 12, ¶ 50.  Six (6) of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(b)-(c).  Doc. 19 at pp. 9–12, ¶¶ 44–47.  Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Marsh was on probation for state charges.  Doc. 19 at p. 12, ¶ 49.  Marsh now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would not receive any additional criminal history points due to the offenses taking place while he was on probation, therefore his total criminal history points would be six (6) under the new calculation. Doc. 26 at p.

---

[1]  U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

3.  The Court finds that Amendment 821 affects Marsh's criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Marsh's case.  *See Jones*, 980 F.3d at 1107.  This is first due to Marsh's lengthy criminal history. *See* 18 U.S.C. §§ 3553(a)(1). Prior to the underlying offenses, Marsh was arrested more than ten times for various charges, including violent crimes such as assault, felony robbery, and domestic violence. Doc. 19 at pp. 8–12, ¶¶ 37–47. Marsh's extensive criminal history paired with the similarities between the underlying offenses and his earlier convictions show that he has yet to be deterred from illegal actions, specifically related to robbery. The Court must further consider the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2). During the underlying offenses, Marsh robbed two banks, threatening the use of a gun both times. Doc. 19 at p. 5, ¶¶ 9–10. This type of behavior can incite fear in victims and witnesses long into the future.  At the time of sentencing, the Court considered these factors and determined that a 71-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. Doc. 24; *See also* 18 U.S.C. § 3553(a)(2).

Given the facts and after consideration of the need for the sentence imposed, the Court finds a reduction to Marsh's 71-month sentence is not warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a two-point reduction pursuant to Amendment 821, this Court would impose the same sentence.


(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

4

### III.     CONCLUSION

For the reasons stated above, the *Unopposed Motion to Reduce Sentence Under 18 U.S.C.*

*§ 3582(c)(2)* (Doc. 26) is DENIED.


Date:  June 7, 2024                                                    */s/ John R. Adams*
                                                                       JOHN R. ADAMS
                                                                       UNITED STATES DISTRICT JUDGE